UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL PATRICK JOLIVETTE<br><br>Plaintiff,<br><br>v.<br><br>PEOPLE OF CALIFORNIA, et al.,<br><br>Defendants. | No. 2:21-cv-0382-KJM -EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. Plaintiff's initial 31-page filing, entitled "Complaint for Registration of a Foreign Money Judgment [42 U.S.C. § 1983]," was liberally construed as a prisoner civil rights complaint and this civil action was opened. ECF No. 1. Plaintiff, who is barred from proceeding in forma pauperis according to 28 U.S.C. § 1915(g), paid the $402 filing fee. *See* ECF No. 11. He now requests a partial refund of the filing fee on the ground that his case should have been opened as a "miscellaneous" action to register a foreign judgment. ECF Nos. 14, 16. The court must also screen his original complaint pursuant to 28 U.S.C. § 1915A.

<u>Plaintiff's Requests for Partial Refund</u>

Under Rule 3 of the Federal Rules of Civil Procedure, "A civil action is commenced by filing a complaint with the court." Plaintiff commenced this civil action by filing a complaint with the court. ECF No. 1. In the complaint, plaintiff alleges numerous violations of his

1

constitutional rights pursuant to 42 U.S.C. § 1983.  *See id.* at 1-2 (including due process, equal protection, and access to the court).  He also invokes supplemental jurisdiction over unidentified state law claims.  *Id.* at 2.  Significantly, the complaint (and motions for refund) seeks relief beyond the miscellaneous task of registering a foreign money judgment.  *See id.* at 11-13, 18-20 (requesting that court "issue and grant an order" for various forms of declaratory and injunctive relief); ECF No. 16 (requesting a "Preliminary Injunction").  The Clerk of the Court properly opened this case as a civil action – the proper vehicle for seeking such relief.  Thus, the case should not be re-designated as a "miscellaneous" case, which carries only a $47 fee, and no refund is due.  Furthermore, as discussed below, plaintiff's filing does not contain any document that could be registered in a federal district court as a foreign judgment.

<u>Screening Standards</u>

Notwithstanding payment of the filing fee, the court must screen plaintiff's complaint in accordance with 28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).  While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

/////

a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

Discussion

In plaintiff's complaint (ECF No. 1), he moves to register a "certified judgment" in the amount of $13,605,902, purportedly entered by the "Shaykamaxum Grand/Supreme Court of Atlan Amexem Al Moroc N. W. . . . An International Common Law Court."[1] *See* ECF No. 1, 3, 26. In the most vague and conclusory terms, plaintiff also alleges his federal constitutional rights have been violated and seeks enforcement of a purported settlement agreement between him and "the People of the State of California." *Id.* at 3. As discussed below, the court lacks jurisdiction over plaintiff's request and finds it to be frivolous.

Pursuant to 28 U.S.C. § 1963, a judgment in an action to recover money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district court. Registration of out-of-district judgments under § 1963, however, is limited to those courts expressly identified by the statute and does not include judgments from unknown entities like plaintiff's "Shaykamaxum" court. *See, e.g., Fox Painting Co. v. Nat'l Labor Relations Bd.*, 16 F.3d 115, 117 (6th Cir. 1994) ("Nothing in the language of section 1963 grants authority to a

---

[1] This is not plaintiff's first attempt at seeking relief pursuant to a "Shaykamaxum" court judgment. *See, e.g., Jolivette v. California*, No. 2:13-cv-2322-APG-NJK (D. Nev.); *Jolivette v. California*, No. 2:13-cv-1882-LKK-DAD (E.D. Cal.); *Jolivette v. California*, Case No. 3:14-mc-80001-RS (N.D. Cal.); *Jolivette v. Superior Court of Solano Co.*, No. 2:19-cv-540-TLN-EFB (E.D. Cal.); *Jolivette v. Gastillo*, No. 2:19-cv-2173-KJM-AC (E.D. Cal.); *Jolivette v. California*, No. 3:19-cv-4213-EMC (N.D. Cal.).

district court to register judgments of any courts other than other district courts or the Court of International Trade."); *Atkinson v. Kestell*, 954 F. Supp. 14, 15 n.2 (D.D.C. 1997) (holding that "[s]tate court judgments cannot be registered in" a district court under § 1963); *Euro-American Coal Trading, Inc. v. James Taylor Mining, Inc.*, 431 F. Supp. 2d 705, 708 (E.D. Ky. 2006) ("[T]he registration procedures of 28 U.S.C. § 1963 contain jurisdictional limitations that prohibit *federal* courts from registering state court judgments."). Thus, the court lacks jurisdiction over plaintiff's request to register the purported $13,605,902 judgment.

Moreover, in another action filed by plaintiff in this court it was recently found that his attempt to register a judgment for $10,000,000 against the People of the State of California was legally frivolous and without merit on its face. *See Jolivette v. California*, No. 2:21-cv-0306-KJM-DB (E.D. Cal.), ECF No. 15 at 3. That court observed that:

> plaintiff has filed a multitude of cases in district courts in the Ninth Circuit attempting to register and execute on purported foreign judgments. *See, e.g., Jolivette v. People of California*, 3:16-cv-00092, 2016 WL 1714222 (D. Nev. Mar. 10, 2016) (collecting over 15 cases in which plaintiff unsuccessfully attempted to register foreign judgments). Plaintiff has recently attempted to register foreign judgments through petitions for writ of habeas corpus and petitions for writ of mandamus. *See, e.g., Jolivette v. Gastello*, No. 2:19-cv-02173 KJM AC P, 2020 WL 229977 (E.D. Cal. Jan. 15, 2020); *Jolivette v. People of the State of California*, No. 19-cv-04213-EMC, 2019 WL 6771782, at *2 (N.D. Cal. Dec. 12, 2019). *This attempt under 42 U.S.C. § 1983 fares no better.*

*Id.* (emphasis added). The instant complaint, with passing references to constitutional provisions and other legal jargon, is simply another such attempt. It is apparent, especially given plaintiff's litigation history, that this is just another of plaintiff's frivolous lawsuits.

For these reasons, the court recommends that this action be dismissed without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Under Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved. Courts are not required to grant leave to amend if a complaint lacks merit entirely."); *see also Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

4

<u>Recommendation</u>

Accordingly, it is RECOMMENDED that:

1. Plaintiff's request for a partial refund of the filing fee and for the redesignation of this action as "miscellaneous" (ECF Nos. 14 & 16) be DENIED;

2. This action be DISMISSED for lack of subject matter jurisdiction and as frivolous; and

3. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 23, 2021.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE